UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW D. SELLS, | : | Case No. 1:16-cv-557 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| CSX TRANSPORTATION, INC., | : | |
| | : | |
| Defendant. | : | |

### ORDER DENYING DEFENDANT'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 10)

This civil action is before the Court on Defendant's motion for partial summary judgment (Doc. 10) and Plaintiff's memorandum *contra* (Doc. 16).

### I. BACKGROUND FACTS

Plaintiff works as a conductor for CSX Transportation, Inc. On June 8, 2014, Plaintiff was working at the railroad's Marysville Yard. (Doc. 16-2 at 1). His job required him to release handbrakes on eight railroad cars. (*Id.*) Plaintiff claims that there was virtually no walkway adjacent to the track where this work needed to be performed. (*Id.*) Instead, the rock sloped steeply away from the track. (*Id.*) As Plaintiff was attempting to perform his job, the rocks gave way under his weight and he injured his right knee. (*Id.*)

Plaintiff was treated by Dr. Brian Cohen, an orthopedic surgeon. (Doc. 16-3 at 1). Dr. Cohen diagnosed a torn medial meniscus in Plaintiff's right knee. (*Id.*) He performed surgery on the knee on June 19, 2014. (*Id.*)

Following surgery, Mr. Sells went through a course of physical therapy. (Doc. 16-3 at 1). In August, Dr. Cohen released Plaintiff to return to work. (*Id.* at 1-2). However, Plaintiff claims that he still had residual weakness in his knee. (Doc. 16-2 at 2). As a result, he was given a brace to wear on his knee for support. (Doc. 16-3 at 2).

Plaintiff's first day back at work was September 16, 2014. (Doc. 16-2 at 2). When he returned to work, he intentionally tried to work the easiest jobs to minimize the stress on his knee. (*Id.*)

On October 18, 2014, Plaintiff was at home on his off day. (Doc. 16-2 at 2). He was moving a safe that weighed over 100 pounds. (*Id.*) Plaintiff claims that because of the residual weakness in his knee, his knee gave way and he fell to the ground, reinjuring his right knee and injuring his shoulder. (*Id.*)

Dr. Cohen testified that if the October incident was even partially related to the residual weakness in Plaintiff's knee, then the original injury and surgery was a contributing factor to the subsequent fall. (Doc. 16-3 at 2).

Defendant alleges that the injuries Plaintiff sustained in the October incident while he was off duty and in his own home were not caused by any alleged negligence of CSX and therefore cannot be pursued under the Federal Employers' Liability Act. Accordingly, Defendant maintains that Plaintiff's allegations regarding that injury should be dismissed.

## II. UNDISPUTED FACTS[1]

1. Plaintiff was allegedly injured on the job on June 8, 2014, and that claim (although disputed) is governed by the Federal Employers' Liability Act, 45 USC 51, *et seq.* ("FELA"). (Doc. 10, Ex. 1).

2. Plaintiff had medical treatment and was cleared to return to work with no restriction as of August 30, 2014 and returned to work on September 16, 2014. (Doc. 10, Ex. 4).

3. Plaintiff worked at his job at CSX under no restrictions until October 18, 2014. (Doc. 10, Ex. 3).

4. Plaintiff had a separate incident at home, off duty, on October 18, 2014. (Doc. 10, Ex. 3).

## III. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that

---

[1] *See* Doc. 12 and Doc. 16-1.

3

there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## III. ANALYSIS

FELA is a "remedial and humanitarian statute…enacted by Congress to afford relief to employees from injury incurred in the railway industry." *Edsall v. Penn Cent. Transp. Co.*, 479 F.2d 33, 35 (6th Cir. 1973)).[2] FELA provides, in relevant part, that "[e]very common carrier by railroad while engaging in commerce…shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce…for such injury or death resulting in whole or in party from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. "In light of the remedial purposes underlying the FELA, that Act is to be liberally construed in favor of the injured plaintiff." *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 806 (6th Cir. 1985). "Given the breadth of the phrase 'resulting in whole or in part from the [railroads] negligence', and Congress' 'humanitarian' and "remedial goal[s]', we have recognized that, in comparison to tort litigation at common law, 'a relaxed standard of causation applies under the FELA.'" *CSX Transp., Inv. v. McBride*, 564 U.S. 685 (2011).

In order to recover damages under FELA, a plaintiff must show: "[1] that he was injured while in the scope of his employment; [2] which employment is in furtherance of

---

[2] Congress enacted FELA in response to the high number of employee injuries and deaths from railroad work. *CSX Transp., Inc. v. McBride*, 564 U.S. 685 (2011). FELA is a "response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety." *Sinkler v. Missouri Pac. R&R Co.*, 356 U.S. 326, 329 (1958). FELA assists in the protection of railroad employees by requiring employers to provide a "reasonably safe place in which to work." *Urie v. Thompson*, 337 U.S. 163, 179 (1949).

the railroad's interstate transportation business, [3] that his employer was negligent, and [4] that his employer's negligence played some part in causing the injury for which compensation is sought under FELA." *Green*, 763 F.2d at 808.

"Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500 (1957). While Justice Roberts predicted preposterous results from juries as a result of this standard, *McBride*, 564 U.S. at 717, the Supreme Court ultimately found that juries are quite capable of drawing the line on causation. "Properly instructed on negligence and causation, and told, as is standard practice in FELA cases, to use their 'common sense' in reviewing the evidence, juries would have no warrant to award damages in far out 'but for' scenarios." *Id.* at 704.

Causation questions are best left for jury determination.

> Under [the FELA] the test of a jury case is simply whether the proof justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes…

*Rogers*, 352 U.S. at 507-08. A claim should be submitted to a jury "[w]hen there is proof, even though entirely circumstantial, from which the jury may with reason make that inference." *Id.* at 508.

5

CSX maintains that it is entitled to summary judgment regarding the October 18 incident because Plaintiff was: (1) not injured while in the scope of his employment; and (2) CSX did not play any part in causing the October 18 injury.

### A. Whether Plaintiff's Injury Was Within The Scope of His Employment

The October 18, 2014 incident occurred in Plaintiff's home.  Accordingly, Defendant maintains that Plaintiff was injured outside the scope of his employment and therefore his claim fails as a matter of law.

The scope of employment has been interpreted to encompass acts incidental to the employment as well as the actual work.  *See, e.g., Erie R.R. Co. v. Winfield*, 244 U.S. 10 (1917) (employee injured while leaving rail yard after work held within the scope of employment); *Metro. Coal Co. v. Johnson*, 265 F.2d 173 (1st Cir. 1959) (employee riding a passenger train of employer to his job as a freight train flagman held outside the scope of employment); *Quirk v. New York C. & St. L.R. Co.*, 189 F.2d 97 (7th Cir. 1951) (employee en route home not within scope of employment); *Morris v. Pennsylvania R.R. Co.*, 187 F.2d 837 (1st Cir. 1951) (employee killed at place of employment shortly before he was to report to work held within the scope of employment).

CSX does not argue that Plaintiff's original injury, on June 8, 2014, while working at the railroad's Marysville Yard, was outside the scope of his employment. Accordingly, the question becomes whether an injury that occurred outside the scope of employment, but that was allegedly caused by a preexisting injury which occurred within in the scope of employment, satisfies the test.  Given the remedial purpose of FELA and

6

since CSX fails to present any authority that precludes recovery in an analogous situation, the Court declines to grant summary judgment

### B. Whether Defendant Caused Plaintiff's Off the Job Injury on October 18, 2014

Next, Defendant claims that Plaintiff failed to present any evidence of causation. Specifically, Defendant argues that at the time of the October 18 incident, Plaintiff had returned to work without restrictions.

"Although the quantum of evidence sufficient to present a jury question of causation in a FELA case is less than in a common-law tort action, '[a] plaintiff [is] still required to demonstrate some causal connection between defendant's negligence and his injuries." *Wellman v. Norfolk & W. Ry. Co.*, 711 N.E.2d 1077, 1080 (1998).

Plaintiff claims that the weakness of his knee contributed to its giving way. (Doc. 16-2 at 2). Plaintiff's treating physician, Dr. Cohen, claims that given this residual weakness, the "original injury and surgery was a contributing factor to his subsequent fall." (Doc. 16-3 at 2). Accordingly, there is sufficient evidence from which a jury could reasonably conclude that Plaintiff's first injury played a role, "even the slightest," in causing his second injury.

### V. CONCLUSION

Accordingly, for these reasons, Defendant's motion for partial summary judgment (Doc. 10) is **DENIED**.

**IT IS SO ORDERED**.

Date:  12/9/16 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge