UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW D. SELLS, | : | Case No. 1:16-cv-557 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| CSX TRANSPORTATION, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER RULING ON DEFENDANT'S
MOTIONS *IN LIMINE***

This civil action is before the Court on the various motions *in limine* filed by

Defendant CSX Transportation, Inc. ("CSX") (Docs. 22, 23, 24, 25, 26, 27) as well as

Plaintiff Andrew D. Sells' ("Mr. Sells") responsive memoranda (Docs. 28, 29).

## I.  BACKGROUND

The complaint alleges that, on June 8, 2014, Mr. Sells was employed as a

conductor for CSX.  (Doc. 1 at ¶ 7).  Upon arriving at work, Mr. Sells discovered that his

train was left on a siding commonly referred to as the Bear Swamp Siding.  (*Id.* at ¶ 8).

The track was in an unsafe condition, as there were no adequate walkways for crew

members to use and the slope to the track was elevated at approximately 45 degrees.  *Id.*

Mr. Sells had to release approximately eight handbrakes on the train to prepare for

departure.  (*Id.* at ¶ 9).  In order to do this, he had to climb up the sloped ballast to get to

the car and then return down the same steep slope.  (*Id.*)  In the process of doing this,

rocks on the slope gave way, Mr. Sells' legs split apart, and he suffered a permanent

injury to his knee (the "June Injury). (*Id.*) As a result of the June Injury, Mr. Sells

eventually underwent surgical repair of the internal derangement in his knee. (*Id.* at ¶

10).

On October 18, 2014, Mr. Sells was off-duty at his house. (*Id.* at ¶ 11). Mr. Sells

was attempting to move a safe when his previously injured knee unexpectedly buckled;

Mr. Sells fell to the ground and the safe landed on top of him (the "October Injury").

(*Id.*) Mr. Sells suffered a tibial plateau fracture and a torn rotator cuff as a result of the

October Injury. (*Id.*)

## II.    STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory,

opinion that falls entirely within the discretion of the district court." *United States v.*

*Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Generally, "[m]otions *in limine* are … used

to  … eliminat[e] evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co.*

*v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v.*

*Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Because *in limine*

rulings are advisory in nature, a court may alter its ruling during the course of the trial.

*Luce v. United States*, 469 U.S. 38, 41-42 (1984). "Courts are generally reluctant to grant

broad exclusions of evidence *in limine* because a court is almost always better situated

during the actual trial to assess the value and utility of evidence." *Ohio Willow Wood Co.*

*v. ALPS South, LLC*, No. 2:04cv1223, 2014 U.S. Dist. LEXIS 103107, at *5 (S.D. Ohio

July 29, 2014).

Similar to other evidentiary rulings, the decision to grant or deny a motion *in limine* is within the sound discretion of the trial court. *Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 852 (7th Cir. 1998). However, "[o]rders *in limine* which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Rather, motions *in limine* are "generally confined to very specific evidentiary issues of an extremely prejudicial nature." *Brown v. Oakland Cnty.*, No. 14-CV-13159, 2015 WL 5317194, at *2 (E.D. Mich. Sept. 10, 2015). If the evidence is not plainly inadmissible on all potential grounds, the Court's "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co.*, 326 Supp. 2d at 846.

### III.   ANALYSIS

#### A. CSX's omnibus motion.

CSX's omnibus motion *in limine* (Doc. 22) asks the Court to exclude the following evidence from being introduced at trial:

1)      The history or congressional intent in enacting the FELA: Mr. Sells does not oppose this motion (Doc. 29 at ¶ 4) and it is therefore **GRANTED**.

2)      Evidence regarding Mr. Sells' gross wage loss: Mr. Sells agrees that the correct measure of damages for lost wages is after tax lost wages, but states "it is often necessary to prove the gross lost wages in order to calculate after tax lost wages. If it becomes necessary to perform this analysis, Plaintiff's counsel will inform the court and seek prior permission." (Doc. 29 at ¶ 4). The Court agrees with CSX that evidence of

3

gross wages is irrelevant and should be excluded; this motion is therefore **GRANTED**. The parties are encouraged to stipulate to the amount of after tax lost wages.  In the event that is not possible, Mr. Sells is instructed to seek permission from the Court prior to introducing any evidence of Mr. Sell's lost gross wages.

      3)      Reference to financial hardship of Mr. Sells, his family members, or for loss of consortium:  Mr. Sells does not oppose this motion (Doc. 29 at ¶ 4) and it is therefore **GRANTED**.

      4)      Reference to unrelated accidents or conditions of the alleged "dangerousness" or "unsafe" nature of the railroad:  Mr. Sells does not oppose this motion (Doc. 29 at ¶ 4) and it is therefore **GRANTED**.

      5)      Reference to the case as a Workers' Compensation case or that this is Mr. Sells' sole remedy:  This issue is discussed in Section III.C, *infra*.

      6)      Evidence as to the reduction in crew size or leases of rail lines:  Mr. Sells does not oppose this motion (Doc. 29 at ¶ 4) and it is therefore **GRANTED**.

      7)      Reference to the financial status of CSX: Mr. Sells does not oppose this motion (Doc. 29 at ¶ 4) and it is therefore **GRANTED**.

**B. References to Mr. Sells as a "good" or "safe" employee.**

CSX requests that this Court exclude character evidence that Mr. Sells was a good or safe employee.  (Doc. 23).  CSX maintains that the question of whether Mr. Sells was a good or safe worker is not at issue in this case and admission of any such evidence would be unfairly prejudicial.  (*Id.* at 1).  CSX further argues that evidence indicating Mr.

Sells was a good or safe employee constitutes inadmissible character evidence. (*Id.* at 1-2).

Mr. Sells does not oppose this motion. (Doc. 29 at ¶ 1). CSX's motion to exclude evidence that Mr. Sells was a good or safe employee (Doc. 23) is therefore **GRANTED**.

**C. References to FELA as Mr. Sells' exclusive remedy.**

CSX requests an Order precluding Mr. Sells from offering argument or evidence on the fact that this case is Mr. Sells' "only day in Court" or his "only remedy." (Doc. 24). CSX argues Mr. Sells should not be able to argue that FELA is his exclusive remedy because this information is not "of consequence to the determination of the action" and will prejudice CSX. (*Id.* at 1) (citing Fed. R. Evid. 401).

Mr. Sells did not respond to this motion.

Upon consideration, argument that FELA is Mr. Sells' only remedy for his injuries is both irrelevant and prejudicial to CSX. *See Stillman v. Norfolk & W.R. Co.*, 811 F.2d 834, 838 (4th Cir. 1987) (trial court properly excluded evidence that FELA was plaintiff's only remedy because "such information could have prejudiced the Railroad."); *Weinell v. McKeesport C.R. Co.*, 411 F.2d 510, 512 (3d Cir. 1969) (finding counsel's statement that FELA "provides the only method by which a railroad employee who is engaged in interstate commerce may recover damages or be paid for an on-the-job-injury" to be "obviously . . . improper[.]"); *Kokack v. Long Island R. Co.*, 342 F.2d 244, 247 (2d Cir. 1965) (referring to plaintiff's counsel's argument that plaintiff's injury was not covered by worker's compensation to be "inexcusable"). Accordingly, CSX's motion (Doc. 24) is **GRANTED**.

**D. Arguments regarding "but-for" causation.**

CSX requests an Order precluding Mr. Sells from arguing or suggesting to the jury that he may recover because CSX's negligence was a "but-for" cause of his injuries. (Doc. 25). CSX argues that the United States Supreme Court has rejected the proposition that "but-for" causation is sufficient to impose liability under FELA. (*Id.* at 3) (citing *McBride v. CSX Transportation, Inc.*, 131 S. Ct. 2630 (2011)).

Mr. Sells does not oppose this motion. (Doc. 29 at ¶ 2).

The Court agrees with CSX. To establish liability under FELA, a plaintiff must demonstrate that "[the railroad's negligence] played a part" in bringing about the injury; mere "but-for" causation is insufficient. *McBride*, 131 S. Ct. at 2643-44. Accordingly, CSX's motion (Doc. 25) is **GRANTED**.

**E. Future damages.**

CSX requests an Order barring Mr. Sells from offering evidence, testimony, arguments, and conclusions regarding any alleged damages for future disability claims, future lost wages and loss of earning capacity, and future medical costs. (Doc. 26).

First, CSX argues Mr. Sells cannot demonstrate that he suffered a loss of future earning capacity or reduction in future wages because he returned to work without restrictions just three months after the June Injury. (Doc. 26 at 2-3).

Second, CSX argues Mr. Sells has not provided any expert testimony as to the long-term effects of his knee injury, the extent his knee injury will affect his ability to earn a living, or that his work expectancy will be cut short due to his knee injury. (Doc. 26 at 3).

6

Third, CSX argues Mr. Sells has not presented any competent evidence to demonstrate that it is probable he will incur future medical costs related to his knee injury.  (Doc. 26 at 3-4).  CSX argues Mr. Sells has not been under the care of an orthopedist for over two years and has failed to present any evidence he will need additional treatment for his knee in the future.  (*Id.* at 4).

Fourth, CSX argues Mr. Sells cannot provide evidence of future economic damages because he did not identify future lost wages, loss of earning capacity, or future disability claims in his discovery responses.  (Doc. 26 at 4).

In response, Mr. Sells claims he does not intend to claim future lost wages or future medical expenses, and does not oppose their exclusion.  (Doc. 29 at ¶ 3).  However, Mr. Sells will seek to recover "compensation for permanent physical impairment as a non-economic item of damage."  *Id.*

Upon consideration, the Court **GRANTS** CSX's motion (Doc. 26) to exclude evidence regarding future disability claims, future lost wages, loss of earning capacity and future medical costs, and **DENIES** the motion to the extent (if any) it seeks to exclude evidence of future non-economic damages for permanent impairment.

**F. Expert testimony regarding the October Injury.**

CSX requests an Order precluding Mr. Sells' expert, Dr. Brian Cohen, from testifying as to the causation of Mr. Sells' October Injury.  (Doc. 27).  CSX argues that Dr. Cohen cannot link Mr. Sell's October Injury, which occurred at Mr. Sells' home, to CSX's negligence, except by speculation.  (*Id.* at 3-6).  CSX further argues that Dr. Cohen cannot establish causation through the "differential diagnosis" method because

there is no evidence that Dr. Cohen considered, and eliminated, other potential causes of Mr. Sells' injuries.  (*Id.* at 6-9).

The Court does not agree for two reasons.  First, CSX's motion is premature.  At this point, the Court cannot conclude Dr. Cohen is incapable of providing a link between CSX's negligence and Mr. Sells' October Injury because it has not had the opportunity to review Dr. Cohen's complete testimony and the foundation for his opinions.

Second, and in any event, Dr. Cohen is not required to provide the conclusive link between CSX's supposed negligence and Mr. Sells' October Injury, and the Court finds nothing improper about the testimony that is before it.  Mr. Sells testified that when he returned to work after the June Injury, he "still had some residual weakness" in his knee. (Doc. 16-2 at 1-2).  Dr. Cohen testified during dispositive motion briefing that "[i]f, however, [Mr. Sells' October] fall was partially related to some residual weakness in his knee from his first injury and surgery, then that original injury and surgery was a contributing factor to his subsequent fall." (Doc. 16 at 2).  Whether Mr. Sells' October Injury was in fact caused by residual weakness is a question for the jury.  *See Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 507-08 (1957) ("the test of a [FELA] jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which the damages are sought.").

The Court simply finds no basis to exclude Dr. Cohen's testimony that if the October Injury occurred the way Mr. Sells claims, his June Injury was a contributing factor.  Federal Rule of Evidence 702 is "broad enough to allow an expert to rely on

hypothetical facts that are supported by the evidence." Fed. R. Evid. 702 (Advisory Committee Comments to 2000 Amendments); *see also United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-cv-285, 2014 U.S. Dist. LEXIS 39408, at * 20 (S. D. Ohio March 25, 2014) ("experts can testify on areas within their expertise based on hypothetical facts."); *Watts v. Hollock*, No. 3:10-cv-92, 2011 U.S. Dist. LEXIS 139166, at * 24 (M. D. Penn. Dec. 5, 2011) (allowing expert's "if-this-then-that" testimony because the expert was permitted to "respond to a hypothetical that is based on [plaintiff's] testimony").

Accordingly, CSX's motion (Doc. 27) is **DENIED**.

### IV.    CONCLUSION

For these reasons:

CSX's omnibus motion *in limine* (Doc. 22) is **GRANTED**.

CSX's motion *in limine* to exclude references to Mr. Sells as a good or safe employee (Doc. 23) is **GRANTED**.

CSX's motion *in limine* regarding Mr. Sells' "only day in Court" (Doc. 24) is **GRANTED**.

CSX's motion *in limine* regarding "but-for" causation (Doc. 25) is **GRANTED**.

CSX's motion *in limine* to preclude mention of future damages (Doc. 26) is **GRANTED** in part and **DENIED** in part.

CSX's motion *in limine* to exclude Dr. Cohen's testimony on causation (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

Date: 7/28/17

Timothy S. Black
United States District Judge